Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Ronald Worthley,** an Arizona resident;<br><br>Plaintiffs,<br><br>v.<br><br>**Global Resourcing LLC**, an Arizona company; and **Christopher Rouen,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Ronald Worthley, for his Verified Complaint against Defendants, hereby allege as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

4. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Plaintiff's state law claims are sufficiently related to their federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. At all material times, Plaintiff was a full-time, non-exempt employee of Defendants from on or around September 4, 2018 until current.

10. At all relevant times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff was an employee of Defendants defined under the Arizona Minimum Wage Statute and Arizona Wage Statute.

12. Defendant Global Resourcing, LLC is an Arizona company, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d), the Arizona Minimum Wage Statute, and Arizona Wage Statute.

13. Defendant Christopher Rouen is an Arizona resident. He has directly caused events to take place giving rise to this action. Christopher Rouen is the owner of Global Resourcing, LLC.

14. Under the FLSA, Defendant Christopher Rouen is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Christopher Rouen is the owner of Global Resourcing, LLC. Defendant Christopher Rouen had the authority to hire and fire employees, supervised and controlled Plaintiff's work schedules or the conditions of his employment, determined the rate and method of Plaintiff's payment of wages, and maintained employment records in connection with Plaintiff's employment. As a person who acted in the interest of Global Resourcing, LLC in relation to the company's employees, Christopher Rouen is subject to individual and personal liability under the FLSA.

15. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Defendants have been engaged in interstate commerce and / or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

19. Defendants are a marketing research company.

20. On or around September 4, 2018, Plaintiff began employment with Defendants.

21. At all relevant times, Plaintiff was a non-exempt employee.

22. Plaintiff was not compensated his FLSA or Arizona minimum wages.

23. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for his overtime hours.

24. For example, during the week of October 16, 2018, Plaintiff worked 60 hours and was only compensated $200.00, which is below the Arizona's and the FLSA's minimum wage requirements. Plaintiff also did not receive overtime for all hours worked in excess of 40 this workweek.

25. As a result of only receiving $200.00 per hour for all hours worked in a given workweek, an FLSA and Arizona minimum wage violation has occurred.

26. Plaintiff earned less than $455 per workweek, which is less than the salary-

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

basis for exempt employees. Therefore, Plaintiff, regardless of his job duties and responsibilities, was a non-exempt employee pursuant to the FLSA.

27. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff Federal and Arizona minimum wage.

28. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

29. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

30. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due for minimum wage and overtime hours Plaintiff worked.

31. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

32. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA, Arizona Minimum Wage Statute, and the Arizona Wage Statute were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

33. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

34. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

35. Plaintiff is an employee entitled to the statutorily mandated minimum wage.

36. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

37. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving proper compensation in accordance with 29 U.S.C. § 206.

38. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

39. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated properly for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

40. Defendants have not made a good faith effort to comply with the FLSA.

41. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

42. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

44. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wage.

45. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

46. As a direct result of Defendants' violations of the FLSA, Plaintiff has

suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

47. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

48. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

49. Defendants have not made a good faith effort to comply with the FLSA.

50. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

51. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

52. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

53. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

54. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

55. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to

A.R.S. § 23-364(g).

## COUNT IV
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

56. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

58. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

59. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

60. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

61. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

      iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

      iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

      v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

      vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 7, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## VERIFICATION

Plaintiff Ronald Worthley declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Ronald Worthley