WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Worthley,<br><br>Plaintiff,<br><br>v.<br><br>Global Resourcing LLC, et al.,<br><br>Defendants. | No. CV-18-03924-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Christopher Rouen's Motion to Dismiss (Doc. 10), Defendant Global Resourcing LLC's Motion to Set Aside Default Judgment (Doc. 23), and Plaintiff's Motion for Attorneys' Fees (Doc. 19).

**BACKGROUND**

In November 2018, Plaintiff Ronald Worthley filed a complaint in this Court alleging that Defendants Christopher Rouen and Global Resourcing LLC violated the Fair Labor Standards Act ("FLSA") by failing to pay his overtime wages. (Doc. 1, ¶ 1). Plaintiff also alleges that Defendants failed to pay his wages in a timely manner, in violation of the Arizona Wage Statute. (*Id.*).

Defendant Christopher Rouen then filed a pro se Motion to Dismiss. In that motion, he argued that this Court lacks jurisdiction because Plaintiff did not allege an amount in controversy that exceeds $75,000, the complaint does not differentiate between the allegations against him individually and against the company, and the attorneys who are representing Plaintiff are not licensed to practice law in Arizona. (Doc. 10).

Because Defendant Rouen apparently only filed this motion to dismiss on his own behalf, Plaintiffs sought a default judgment against the corporate defendant. (Doc. 15). Defendant Rouen did not file a response. A few weeks later, this Court entered a default judgment against corporate defendant Global Resourcing LLC. (Doc. 17). More than a month later, Defendant's attorney, Mr. Powers, entered an appearance with this Court and filed a Motion to Set Aside the Default Judgment. (Doc. 23). For the following reasons, the Court will deny individual Defendant's Motion to Dismiss, and grant the Motion to Set Aside the Default Judgment.

**DISCUSSION**

**I. Jurisdiction**

Federal courts have federal question jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 519 U.S. 386, 392 (1987). Plaintiff's Complaint alleges that "Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA" and states that "[t]his Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331." (Doc. 1 at ¶¶ 36, 5). For each claim brought under the Fair Labor Standards Act, the Court has jurisdiction. *See* 29 U.S.C. § 216(b). And for Plaintiff's remaining state law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a). Plaintiff also sufficiently differentiated between Mr. Rouen and Global Resourcing LLC. (*See e.g.* Doc. 1, ¶ 14). Defendant's motion to dismiss therefore lacks merit.[1]

**II. Relief from Default Judgment**

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No.* 730, 615 F.3d 1085, 1089 (9th Cir. 2010). The three factors that a

---

[1] In his reply brief, Defendant Rouen makes new arguments in favor of dismissal including (1) there was no contractual relationship between him and the Plaintiff, and (2) there is no employee-employer relationship in this case. (*See* Doc. 16 at 1–2). Because Defendant made these arguments for the first time in his reply, those arguments are waived and not considered. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived.").

district court should consider in deciding whether to vacate entry of default judgment are: (1) whether movant engaged in culpable conduct that lead to its default; (2) whether movant lacks a meritorious defense; and (3) whether reopening the default judgment would prejudice any other party. *Franchise Holding II, LLC, v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925, 926 (9th Cir. 2004).

### 1. Culpability or Mere Negligence

A Court may find that a Defendant is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001). Defendant Rouen, who is not an attorney, innocently believed that he was filling a motion to dismiss on behalf of both him and Global Resourcing—or at least believed that by filing the motion to dismiss he would toll the deadlines as to Global Resourcing. Following the judgment of default against Global Resourcing, Defendant Rouen continued to engage in negotiations to settle the case—which may explain the delay in moving for relief from default judgment. Examining this course of events, the Court cannot conclude that the default must have resulted from a "devious, deliberate, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698.

### 2. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." *Signed Personal Check*, 615 F.3d at 1094 (internal quotation marks and citations omitted). Defendant Global Resourcing plausibly points to several potentially meritorious defenses, including that the damages are potentially offset by the amount of money that Plaintiff owes the Defendants from a personal loan, and that there are no relevant contracts between

Plaintiff and Defendant. At this stage, those allegations are sufficient to state a potentially meritorious defense.

### 3. Prejudice

Plaintiff will not suffer any prejudice outside of a slight delay in proceedings. This lawsuit is still in its earliest stages, and Plaintiff has only experienced a minor delay. As the Ninth Circuit has explained, "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. The Court cannot conclude that Plaintiffs will suffer prejudice sufficient to justify denying the motion to set aside the default judgment.

## CONCLUSION

Defendant's Motion to Dismiss lacks merit. But because the Court cannot say that Defendant Rouen acted culpably in causing the default, the Court will grant the Motion to Set Aside Default Judgment.

**IT IS THEREFORE ORDERED** that Defendant Rouen's Motion to Dismiss for Lack of Jurisdiction (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Global Resourcing LLC's Motion to Set Aside Default Judgment (Doc. 23) is **GRANTED**. The Clerk of Court is directed to reinstate Defendant Global Resourcing LLC and vacate the Entry of Default (Doc. 14).

**IT IS FURTHER ORDERED** directing the Defendants to file their answer on or before **April 24, 2019**.

**IT IS FURTHER ORDERED** that the Court will separately issue a Rule 16 Scheduling Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 19) is moot.

Dated this 10th day of April, 2019.

_____
G. Murray Snow
Chief United States District Judge